UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
  SOCORRO JIMENEZ,

                    Plaintiff,

              – against –

  RISEBORO COMMUNITY PARTNERSHIP,

                  Defendant.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

25-CV-4383 (AMD) (PK)

**ANN M. DONNELLY,** United States District Judge:

On May 5, 2025, the *pro se* plaintiff brought this action against her former employer, RiseBoro Community Partnership, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq* ("NYCHRL").  (ECF No. 1.)[1] The plaintiff filed a form complaint alleging discrimination, retaliation, and hostile work environment in violation of Title VII based on her race, color, religion, sex and national origin, and discrimination in violation of Section 1981 based on her "mixed" race.  (ECF No. 1 at 3–4.)  She also alleges age discrimination in violation of the ADEA because she was born in 1973.  (*Id.* at 4.)  She selected the following adverse employment actions the defendant took against her: terminating her employment, providing her with terms and conditions that differed from similar employees, retaliating against her, and creating a hostile work environment.  (*Id.* at 5.)  She alleges that the defendant retaliated

---

[1] The case was transferred from the Southern District of New York on July 25, 2025.  (ECF No. 7.)

against her because she "saw the harassment and the hostile work environment," and that a supervisor told her that she "will kill" her and "asked [her] if [she is] a lesbian." (*Id.*)  The plaintiff says that she was "really sick and was in the hospital for 15 day[s]" and she seeks money damages "because [of] all the damages" the defendant caused. (*Id.* at 6.)

For the following reasons, the plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted for purposes of this order, and her complaint is dismissed with leave to amend.[2]

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

Because the plaintiff is proceeding *pro se,* the Court evaluates her complaint by less stringent standards than pleadings drafted by attorneys and interprets it to raise the strongest

---

[2] The plaintiff also filed a motion to appoint counsel. (ECF No. 5.)  She says she needs an attorney "because of [her] current financial status." (*Id.*)  Because this case is still in the early stage, the plaintiff's motion is denied without prejudice and with leave to renew if appropriate if, and when, this case becomes trial ready.  *See Johnson v. Target Corps.*, No. 17-CV-7535, 2019 WL 1253467, at *1 (E.D.N.Y. Mar. 13, 2019) (denying motion to appoint counsel with leave to renew "when [the] case is trial ready, if warranted at that time"); *Brown v. Moralles*, No. 14-CV-1382, 2014 WL 6610992, at *11 (E.D.N.Y. Nov. 18, 2014) ("[P]laintiff's Motions to Appoint Counsel are denied without prejudice to renewal when this case is trial ready.  In the interim, Plaintiff must either retain counsel or proceed *pro se*.").

arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  However, a court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up).

## DISCUSSION

The plaintiff alleges discrimination, retaliation, and hostile work environment in violation of Title VII, race discrimination in violation of Section 1981, and age discrimination in violation of the ADEA.  To state a Title VII discrimination claim, a plaintiff must plausibly allege that she "(1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent."  *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)) (cleaned up).  To survive a motion to dismiss on a Title VII hostile work environment claim, a plaintiff must allege conduct that "(1) is objectively severe or pervasive — that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected class]."  *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (citation omitted).  "To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the

3

protected activity and the adverse action." *Id.* at 115 (citing *Feingold v. New York,* 366 F.3d 138, 156 (2d Cir. 2004)).

A plaintiff claiming a violation of Section 1981, must allege "(1) that she is a member of a protected class; (2) that she was qualified for employment in the position; (3) that she suffered an adverse employment action; and, in addition, [she] has (4) some minimal evidence suggesting an inference that the employer acted with discriminatory motivation." *Kiseleva v. Greenspan*, 755 F. Supp. 3d 367, 377 (S.D.N.Y. 2024) (alteration in original) (quoting *Littlejohn*, 795 F.3d at 307). Finally, in order to establish a *prima facie* case of age discrimination, a plaintiff must show "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010).

Even under the most liberal interpretation of the complaint, the plaintiff fails to allege a *prima facie* case of discrimination under Title VII, Section 1981, or the ADEA. Other than selecting several possible adverse employment actions in the form complaint, she does not allege any facts about the adverse employment action that the defendant took against her. She alleges in a conclusory fashion that the defendant retaliated against her because she "saw the harassment and the hostile work environment" (ECF No. 1 at 5), but she does not describe the retaliatory actions the defendant took. She does assert that a "supervisor" threatened to kill her and asked "if [she] was a lesbian" (*id.*), but she provides no details or context about this incident. Nor does she allege any facts in support of her claims of race or age discrimination, other than saying that she is "mixed race" and was born in 1973. (*Id.*) These allegations are insufficient even under the less stringent standards afforded to *pro se* litigants. *See Littlejohn*, 795 F.3d. at 311 ("The

4

facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.").[3]

## CONCLUSION

Accordingly, the plaintiff's complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In an abundance of caution and in light of the plaintiff's *pro se* status, the Court grants her leave to amend the complaint. The plaintiff has thirty days to file an amended complaint, which must be captioned "Amended Complaint" and bear the same docket number as this order: 25-CV-4383 (AMD) (PK). The amended complaint completely replaces the complaint. That is, the amended complaint must stand on its own without reference to the original complaint. All further proceedings will be stayed for thirty days. If the plaintiff does not file an amended complaint within the time allowed or show good cause for an extension to file the amended complaint, the Court will direct the Clerk of Court to enter judgment and close this case.

The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project for free, confidential, limited-scope legal assistance.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the plaintiff and to note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. §

---

[3] Because the plaintiff fails to state a claim under federal law, the Court does not address her state law claims brought pursuant to the NYSHRL and NYCHRL.

1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

 s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      October 6, 2025